UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Lyshon D. Kimble, Taiana Eaddy, and Clarissa Hubbard, | Civil No. 08-239 (PAM/RLE) |
| Plaintiffs, | |
| v. | **MEMORANDUM AND ORDER** |
| Legacy Hospitality and Management, d/b/a Days Inn Hinckley, | |
| Defendant. | |

This matter is before the Court on Defendant's Motion for Summary Judgment. For the reasons that follow, the Motion is granted.

**BACKGROUND**

In the early morning hours of September 23, 2006, Plaintiffs Lyshon D. Kimble, Taiana Eaddy, and Clarisa Hubbard checked into their reserved room at Defendant Days Inn in Hinckley, Minnesota ("Days Inn").[1] Plaintiffs are African-American women who reside near Detroit, Michigan. They were in Hinckley to visit Eaddy's father, who was incarcerated in a facility near Hinckley. When they checked in, Kimble paid for the first night in cash. Hubbard gave the desk clerk her credit card number to be used to reserve and pay for a second night.

The next morning, Plaintiffs ate a continental breakfast at the hotel. They also called the front desk and requested that an iron be brought to their room. During breakfast,

---

[1] Kimble is Eaddy's mother. Hubbard is Eaddy's aunt, and a close friend of Kimble.

Plaintiffs contend that hotel employees were staring at them. According to Days Inn, however, Plaintiffs' depositions mention only that other guests were staring at them, not that any employee acted inappropriately. Plaintiffs were never provided with the iron they requested.

After Plaintiffs left the hotel, the cleaning staff notified the front desk that Plaintiffs had not removed their belongings from their room although hotel records indicated that Plaintiffs were staying only one night. The manager on duty, Rachael Smieja, assigned two employees the task of gathering Plaintiffs' belongings and securing them in bags. Plaintiffs contend that the employees left open a container of lotion, which spilled on their belongings.

When Plaintiffs returned to the hotel, they discovered that their keycards did not unlock their room. They proceeded to the front desk for an explanation. The desk clerk told them that the computer indicated that they had reserved only one night. Plaintiffs showed the clerk the receipt for the second night, and she admitted that a mistake had been made. The clerk testified that at some point, she offered them another room. Plaintiffs deny being offered another room, but all parties agree that Plaintiffs eventually received a refund from the hotel.[2]

---

[2] Days Inn contends that Plaintiffs' responses to requests for admission were late, even after Plaintiffs had received an extension to file those responses, and thus that the Court should deem some facts admitted, including that Days Inn offered to upgrade Plaintiffs to the best room in the hotel free of charge for the night of September 23, and that no Days Inn staff member made any statement to Plaintiffs suggesting that they harbored any racial animus toward Plaintiffs. In addition, Plaintiffs have never responded to Defendant's request that Plaintiffs admit that a booking error was made, and thus the Court can deem that fact admitted. Plaintiffs offer no response to Days Inn's argument on this point.

Plaintiffs demanded to be allowed back in their room to ensure that all of their belongings were accounted for. When the hotel staff refused, stating that the room had been cleaned and prepared for other guests, Plaintiffs became angry and accused the staff of racism. According to Plaintiffs, the manager responded to their accusations by saying, "I knew you were going to go there . . . go right ahead!" After Plaintiffs became increasingly agitated, the manager called the police. Before the police arrived, Plaintiffs left the hotel.

Plaintiffs' Complaint alleges a violation of 42 U.S.C. § 1981 and also claims intentional infliction of emotional distress.[3] Days Inn has moved for summary judgment on both claims.

**DISCUSSION**

**A.    Standard of Review**

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. Enter. Bank v. Magna Bank, 92 F.3d 743, 747 (8th Cir. 1996). However, "summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every

---

[3] Plaintiffs also brought a claim for negligent infliction of emotional distress, but conceded at the hearing that this claim should be dismissed.

action." Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Id. at 323; Enter. Bank, 92 F.3d at 747. A party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials, but must set forth specific facts in the record showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).

**B.     § 1981 Claim**

42 U.S.C. § 1981 prohibits racial discrimination in the making and enforcing of contracts. There is no dispute that § 1981 applies to prohibit racial discrimination in hotel accommodations. To establish a prima facie case under § 1981, Plaintiffs must show that they are members of a protected class, that Days Inn intended to discriminate against them, and that Days Inn interfered with their rights under the statute. Bediako v. Stein Mart, Inc., 354 F.3d 835, 839 (8th Cir. 2004). Days Inn does not dispute that Plaintiffs are members of a protected class, but rather argues that Plaintiffs cannot show any discriminatory intent.

According to Days Inn, Plaintiffs are obligated to come forward with direct evidence of discriminatory intent to succeed on their § 1981 claim. (Def.'s Supp. Mem. at 11, citing Green v. Dillard's, Inc., 483 F.3d 533, 540 (8th Cir. 2007).) Days Inn misreads Green, however. In that case, while the plaintiff came forward with direct evidence of the salesclerk's discriminatory intent, the Court of Appeals noted that "direct evidence is not necessary to raise a reasonable inference of discriminatory intent." Green, 483 F.3d at 540.

Thus, Plaintiffs can rely on either direct or circumstantial evidence to meet their burden to establish Days Inn's allegedly discriminatory intent.

Plaintiffs contend that discriminatory intent can be inferred from the manager's remark, "I knew you were going to go there . . . go right ahead!" and from her allegedly aggressive and taunting tone of voice when she made this remark. Plaintiffs argue that this remark provides "ample evidence" from which a jury could infer discriminatory intent. The Court disagrees.

Plaintiffs concede that they were treated respectfully by all staff at the hotel other than the manager who allegedly made the racial insinuation. Thus, even if the manager made this remark, and even if the remark was intended to insinuate racial bias, as Plaintiffs contend, this one remark is simply not enough to raise a "reasonable inference" of discrimination. See Green, 483 F.3d at 540. Moreover, it is far from clear that the remark reflects racial bias. Absent a more clear indication of racial discrimination or more allegedly discriminatory incidents, Plaintiffs have not succeeded in establishing that genuine issues of fact exist as to Days Inn's alleged discriminatory intent, and their § 1981 claim fails.

**C.    Intentional Infliction of Emotional Distress**

In their Complaint, Plaintiffs invoke this Court's federal question jurisdiction. Because the only federal claim fails on its merits, the Court has the discretion to retain jurisdiction over the remaining state claims or to dismiss those claims without prejudice, to allow Plaintiffs to pursue those claims in state court. See 28 U.S.C. § 1367(c) (authorizing the Court to decline to exercise supplemental jurisdiction over a state law claim when it "has

dismissed all claims over which it has original jurisdiction"). To facilitate the resolution of this matter, however, the Court will exercise jurisdiction over the remaining state-law claims and examine it on its merits.

Under Minnesota law, to prove intentional infliction of emotional distress: (1) the conduct must be extreme and outrageous, (2) the conduct must be intentional or reckless, (3) it must cause emotional distress, and (4) the distress must be severe. Hubbard v. United Press Int'l, 330 N.W.2d 428, 438-39 (Minn. 1983). The conduct at issue must be "so atrocious that it passes the boundaries of decency and is utterly intolerable to the civilized community." Hubbard, 330 N.W.2d at 439 (citing Haagenson v. Nat'l Farmers Union Prop. & Cas. Co., 227 N.W.2d 648, 652 n.3 (Minn. 1979). It does not extend to "insults, indignities, threats, annoyances, petty oppressions, or other trivialities." Langslag v. KYMN, Inc., 644 N.W.2d 860, 865 (Minn. 2003) (quoting Restatement (Second) of Torts § 46 cmt. d (1965)). Summary judgment is proper when a party does not meet the high standard of proof needed for an intentional infliction of emotional distress claim. Strauss v. Thorne, 490 N.W.2d 908, 913 (Minn. Ct. App. 1992) (citing Lee v. Metro. Airport Comm'n, 428 N.W.2d 815, 823 (Minn. Ct. App. 1988)).

The facts of this case do not support Plaintiffs' claim for intentional infliction of emotional distress. Plaintiffs must show both that the conduct was outrageous and that they suffered from distress "so severe that [he cannot] be expected to endure it." Hubbard, 330 N.W.2d at 439. First, the conduct of the Days Inn staff was not "so atrocious that it passes the boundaries of decency." Even if the Court infers that the manager's remark was racially

motivated, this remark simply does not constitute the type of outrageous conduct that could give rise to a claim for intentional of infliction of emotional distress.  Although the incident may have been an annoyance for the plaintiffs, this is insufficient to establish outrageous conduct.  Plaintiffs' intentional infliction of emotional distress claim fails.

**CONCLUSION**

Plaintiffs have failed to raise an genuine issue of material fact on their claims, and Days Inn is entitled to summary judgment.

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (Docket No. 10) is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: Thursday, February 19, 2009

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge